UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL SAGE,

                Petitioner,              Case No. 2:19-cv-11596
                                                  Hon. Terrence G. Berg
v.

SHANE JACKSON,

                Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD
HABEAS PETITION IN ABEYANCE (Dkt. 3) AND
<u>ADMINISTRATIVELY CLOSING CASE</u>**

Sean Michael Sage was convicted after he pled guilty in the Wayne Circuit Court to armed robbery and fleeing and eluding. He was sentenced to a controlling term of 15 to 30 years' imprisonment. Petitioner filed this action under 28 U.S.C. § 2254. He claims that the trial court erred in denying his motion for substitute counsel. The Michigan Court of Appeal denied relief with respect to this claim on direct review. *People v. Sage*, No. 341676 (Mich. Ct. App. February 6, 2018). The Michigan Supreme Court thereafter denied leave to appeal. *People v. Sage*, No. 157307 (Mich. Sup. Ct. July 3, 2018).

1

Before the Court is Petitioner's motion to stay the case so that he can exhaust additional claims: (1) Petitioner was constructively denied counsel, (2) Petitioner's plea deal was illusory, and (3) Petitioner was sentenced based on erroneous information in the presentencing investigation report.

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). *Rhines* held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id*. at 278.

Here, a dismissal of the petition on exhaustion grounds may create difficulties for Petitioner with respect to the one-year statute of limitations. Petitioner signed and dated his habeas petition on May 20, 2019, over eleven months after the Michigan Supreme Court denied leave

to appeal on July 3, 2018. Petitioner alleges good cause for not previously raising these claims in the state courts as he claims his appellate counsel was ineffective for failing to raise his new claims on direct appeal. Finally, it does not appear that the unexhausted claims are plainly meritless or that Petitioner is engaged in intentionally dilatory tactics.

Accordingly, the Court holds the petition in abeyance. Petitioner must exhaust his new claim in state court by filing a motion for relief from judgment in the Wayne Circuit Court **within 60 days of the date of this order**, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay **within 60 days of exhausting his state court remedies**. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or

disposition of this matter. See *Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

DATED: December 3, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge